O

**FILED**
CLERK, U.S. DISTRICT COURT

Sept. 30, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JR _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:17-CV-02530 (VEB)

CONSUELO MATA-SALAZAR,

        Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In December of 2012, Plaintiff Consuelo Mata-Salazar applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorney, Patricia L. McCabe, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13). On May 21, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for benefits on December 10, 2012, alleging disability beginning October 14, 2011. (T at 26).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 2, 2015, a hearing was held before ALJ Barbara Dunn. (T at 46). Plaintiff appeared with her attorney and testified. (T at 51-62). The ALJ also received testimony Nick Corso, a vocational expert. (T at 62-67).

On July 22, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 20-40). The ALJ's decision became the Commissioner's final

[1] Citations to ("T") refer to the administrative record transcript at Docket No. 18.

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

decision on January 27, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

On March 31, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 6, 2017. (Docket No. 17). The parties filed a Joint Stipulation on December 1, 2017. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

1    **B.      Standard of Review**

2           Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7           "The [Commissioner's] determination that a plaintiff is not disabled will be

8    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

9    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

10   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

11   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

12   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

14   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

15   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

16   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

17   the Court considers the record as a whole, not just the evidence supporting the

18   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 14, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2014 (the "date last insured"). (T at 29). The ALJ found that Plaintiff's thoracic and lumbar spine degenerative disc disease, left shoulder osteoarthritis, bilateral knee osteoarthritis, hypertension, obesity, diabetes mellitus, left shoulder adhesive capsulitis, tendinosis

with low-grade partial tearing of the supraspinatus tendon, and left ear tinnitus were "severe" impairments under the Act. (Tr. 29).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 32).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), as follows: lifting/carrying up to 10 pounds frequently and up to 20 pounds occasionally; sitting/standing/walking up to 6 hours in an 8-hour workday; no climbing of ladders/ropes/scaffolds; no work around hazardous conditions; occasional climbing of ramps/stairs, occasional performance of postural movements, occasional overhead reaching with the left upper extremity; and no work tasks around excessive noise. (T at 32).

The ALJ concluded that Plaintiff could perform her past relevant work as a sewing machine operator and small products assembler. (T at 35). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between October 14, 2011 (the alleged onset date) and July 22, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 36). As

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 19), Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she contends that the ALJ's step two analysis was flawed.  Second, Plaintiff objects to the ALJ's RFC determination.  Third, Plaintiff challenges the ALJ's credibility determination.  This Court will address each argument in turn.

# IV. ANALYSIS

**A.    Step Two Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment

significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28.

Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations." *Id.*

Here, the ALJ found that Plaintiff's thoracic and lumbar spine degenerative disc disease, left shoulder osteoarthritis, bilateral knee osteoarthritis, hypertension, obesity, diabetes mellitus, left shoulder adhesive capsulitis, tendinosis with low-

grade partial tearing of the supraspinatus tendon, and left ear tinnitus were "severe" impairments under the Social Security Act. (Tr. 29).

Plaintiff argues that the ALJ should have included neuropathy, anxiety, and depression as severe impairments.

### 1.    Neuropathy

The ALJ recognized Plaintiff's diabetes as a severe impairment. (T at 31). The ALJ nevertheless found "no evidence of any chronic complication due to … diabetes" and "no evidence [that diabetes] interfered with [Plaintiff's] previous ability to sustain work activity." (T at 33).

However, in August of 2011, Plaintiff was diagnosed with peripheral neuropathy (a painful nerve condition associated with diabetes that causes weakness, numbness, and pain in the hands and feet) and prescribed Neurontin, a pain medication often used to treat the condition. (T at 346).  A progress note from September of 2012 documented complaints of burning foot pain and a diagnosis of neuropathy. (T at 354).  A diagnosis of peripheral neuropathy was noted in March of 2013. (T at 348).  In June of 2013, a progress note described Plaintiff's diabetes as being poorly controlled and again indicated a diagnosis of neuropathy. (T at 513).  In November of 2014, Plaintiff was treated for a foot lesion, with her diagnosis of peripheral neuropathy again referenced. (T at 560).  In January of 2015, Plaintiff was

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

prescribed "diabetic shoes" to help with skin breakdown in her feet. (T at 558).

Plaintiff testified as to painful sores on her feet, as well as numbness and tingling in her hands and feet. (T at 54, 58-60).

The evidence outlined above cannot be reconciled with the ALJ's conclusion that there was "no evidence of any chronic complication due to … diabetes." (T at 33). Indeed, Plaintiff's peripheral neuropathy, a chronic complication due to diabetes, is well-documented.

While the record does not make clear the extent to which peripheral neuropathy would interfere with Plaintiff's ability to perform basic work activities, there was more than sufficient evidence to trigger a duty on the part of the ALJ to further develop the record.[2] The ALJ's failure to clarify the extent of limitation caused by Plaintiff's peripheral neuropathy was particularly significant because the denial of benefits was rooted in the conclusion that Plaintiff could perform her past relevant work as a sewing machine operator and small products assembler – occupations that would appear to require frequent handling and other fine motor

---

[2] There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

activities, *i.e.* precisely the activities one would expect to be impacted by peripheral neuropathy.

Accordingly, this Court finds that this aspect of the step two analysis is not supported by substantial evidence and needs to be revisited on remand. In particular, further development of the record is necessary to determine the extent to which, if at all, Plaintiff's ability to perform basic work activities is limited by peripheral neuropathy.

### 2.    Anxiety and Depression

When evaluating the severity of mental impairments, the regulations require the ALJ to apply a "special technique" at the second and third steps of the review, in addition to the customary sequential analysis. 20 C.F.R. § 404.1520a. The technique first requires a determination of whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). Then, the ALJ must rate the degree of the claimant's functional limitation resulting from the impairment in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R § 404.1520a(c)(3). These areas are rated on a scale of "none, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4).

A mental impairment is generally found not severe if the degree of limitation in the first three areas is mild or better and there are no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1). The ALJ must "document a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(2).

Here, the ALJ concluded that Plaintiff's anxiety and depression were documented in the record, but caused only mild restriction in activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation. (T at 31). As such, the ALJ found that Plaintiff did not have a severe mental health impairment. (T at 31).

This Court finds this aspect of the ALJ's decision supported by substantial evidence. Although the record documents subjective symptoms of anxiety and depression, and particular difficulties with appetite control, there was no evidence of inpatient or outpatient treatment by a mental health professional. Dr. William Goldsmith performed a consultative psychiatric evaluation in May of 2013. Dr. Goldsmith diagnosed dysthymic disorder (mild) and assigned a Global Assessment of Functioning ("GAF") score[3] of 62 (T at 441). "A GAF of 61-70 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008). Dr. Goldsmith found no work-related limitations arising from Plaintiff's mental health symptoms. (T at 441-42). In November of 2013, Dr. P.M. Balson, a non-examining State Agency review physician, opined that Plaintiff's mental health impairments were non-severe. (T at 109).

"The opinions of non-treating or non-examining physicians may … serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Accordingly, this Court finds no reversible error with regard to the ALJ's assessment of the severity of Plaintiff's mental health impairments.

**B.    RFC**

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1). In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217.

Here, the ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR § 404.1567 (b), as follows: lifting/carrying up to 10 pounds frequently and up to 20 pounds occasionally; sitting/standing/walking up to 6 hours in an 8-hour workday; no climbing of ladders/ropes/scaffolds; no work around hazardous conditions; occasional climbing of ramps/stairs, occasional performance of postural movements, occasional overhead reaching with the left upper extremity; and no work tasks around excessive noise. (T at 32).

This Court finds that the ALJ's RFC determination will need to be revisited on remand. As outlined above, the ALJ did not sufficiently develop the record regarding Plaintiff's peripheral neuropathy, a condition that could cause limitations with respect to a claimant's ability to stand, walk, and perform handling and other

fine motor activities. While the extent of limitation caused by peripheral neuropathy in this particular case is unclear, the ALJ's RFC determination cannot be sustained until that lack of clarity is resolved via proper development of the record.

## C.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

In this case, Plaintiff testified as follows: The highest education she completed was second grade, in Mexico. She came to the United States in 1979 and took English courses prior to becoming a citizen. (T at 52). She lives with her daughter. She does not drive. She stopped working in 2009, when she was laid off. (T at 53). It is difficult for her to lift her left arm. She has tingling in her hands and feet and feels heat in her extremities. (T at 54). Anxiety causes overeating. (T at 54-55). Her diabetes is uncontrolled. (T at 56). She cannot walk a block. (T at 57). She has sores on her hands and feet. (T at 58). Medication to address the tingling in her hands and feet caused dizziness and nausea. (T at 60). She uses oral medication and insulin. (T at 445).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 33).

The ALJ's credibility determination will need to be revisited on remand. First, the ALJ found Plaintiff's testimony contradicted by the objective evidence. However, as noted above, the ALJ reached the erroneous conclusion that there was "no evidence of any chronic complications" due to Plaintiff's diabetes. (T at 33). Plaintiff's peripheral neuropathy, a chronic complication due to diabetes, is well-

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

documented. This is consistent with Plaintiff's complaints of numbness, tingling, and sores on her hands and feet. The ALJ's conclusion that Plaintiff's complaints were not supported by the evidence was erroneous. This does not necessarily mean the ALJ was bound to accept Plaintiff's subjective limitations in full, but it does mean that the conclusion that her testimony was unsupported by objective medical evidence cannot be sustained.

Second, the ALJ recognized Plaintiff's history of diabetes mellitus, but discounted her claims of disabling diabetic symptoms in part because there was "no evidence of treatment … beyond medication and lifestyle changes." (T at 33). It is not clear what additional treatment the ALJ believes Plaintiff would or should have received for diabetes. *See Perez v. Colvin*, No EDCV 14-2626, 2016 U.S. Dist. LEXIS 44230, at *17 (C.D. Cal. Mar. 31, 2016)("The ALJ cannot fault Plaintiff for failing to pursue nonconservative treatment options if none existed.")(citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)). Indeed, insulin injections and lifestyle changes are the standard methods for treating diabetes. *See Crater v. Astrue*, No. ED CV 11-1523, 2012 US Dist LEXIS 107029, at *25-26 (C.D. Cal. July 30, 2012).

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

1    For these reasons, the ALJ's credibility determination cannot be sustained and

2    will need to be revisited on remand after further development of the record regarding

3    Plaintiff's peripheral neuropathy.

4    **D.    Remand**

5            In a case where the ALJ's determination is not supported by substantial

6    evidence or is tainted by legal error, the court may remand the matter for additional

7    proceedings or an immediate award of benefits. Remand for additional proceedings

8    is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

9    the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379

10   F.3d 587, 593 (9th Cir. 2004).

11           Here, this Court finds that remand for further proceedings is warranted.  As

12   discussed above, the ALJ's analysis of Plaintiff's peripheral neuropathy was flawed

13   and the record regarding that condition was not sufficiently developed.  With that

14   said, the record is unclear as to the extent to which that condition causes work-

15   related limitations and, if so, whether any such additional work-related limitations

16   would render Plaintiff disabled under the Social Security Act.  As such, a remand for

17   further proceedings is the right result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d

18   1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under

19

20

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530

the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees.

DATED this 30th day of September, 2018,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – MATA-SALAZAR v BERRYHILL 2:17-CV-02530